## Benjamin F. Walrad v. Mamie Walrad.

1. DEFAULTS—*When to be Set Aside.*—Where a defendant in a divorce proceeding, being ordered to file an answer by a certain day, prepared the same, but by the negligence of a postmaster it failed to reach the court in time and a default was taken, *it was held*, that under the circumstances there was not such negligence as should have barred the defendant of a hearing, and the default should have been set aside.

Memorandum.—Bill for divorce. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Appeal from an order refusing to set aside a default. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

O'CONNOR, DUNCAN & HASKINS, and FIFER & PHILLIPS, attorneys for appellant.

APPELLEE'S BRIEF, EFFIE HENDERSON, AND WELTY & STERLING, ATTORNEYS.

The matter of setting aside defaults is subject to the discretion of the court, and unless this discretion has been greatly abused, a court of review will not interfere. Leather Co. v. Woodley, 75 Ill. 435; Constantine v. Wells, 83 Ill. 192; Hall v. Bank, 133 Ill. 234; 5 Am. & Eng. Ency. of Law, 496.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The only question here is whether the Circuit Court erred in refusing to set aside a default entered against appellant.

Walrad v. Walrad.

The proceeding was for divorce and an order for temporary alimony had been obtained.

It was found necessary to amend the bill, and then a rule was entered to answer by Thursday, the 16th of November. The appellant lived at LaSalle, in LaSalle county, as did his solicitor, who was then busy in the Circuit Court of that county.   On the 15th of November the answer was prepared and placed in an envelope, directed to the circuit clerk of McLean County, and upon the assurance of the postmaster at LaSalle that it would leave his office on the morning of the 16th, in time to reach Bloomington by 8:25 A. M., the solicitor for appellant delivered it for registry to the LaSalle postmaster, who had promised that he would personally place the package in the early morning mail.

The postmaster overslept and thus failed to keep his promise, and the package did not reach the proper office until the 17th, after the default had been entered.   It was there, however, when the motion was made to set aside the order, and contained a specific denial of the allegations in the bill. It was accompanied by an affidavit which explained the circumstances as above stated, and which averred that appellant was not guilty of the charges alleged in the bill.   We think the court should have set aside the default.

It was apparent that the appellant was defending in good faith.

The court had allowed appellee a solicitor's fee of $100 which would enable her to try the case on its merits.

By mere accident the answer failed to reach the clerk in time, as it would have done otherwise, and while by greater diligence it might have been sent earlier, yet under the circumstances there was not such negligence as should have barred the appellant of a hearing.

It is not the policy of the law to grant divorces freely, and where, as here, the allegations of the bill were denied and there was evidently a *bona fide* purpose to defend, and an unintentional failure to comply with the rule, ordinary diligence having been used to do so, the default should have been opened and the defendant allowed to file his answer to the merits.   Decree reversed and cause remanded.